*E-Filed 11/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC WILLIAM WARNER, | No. C 10-4696 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES A. WADE, JAMES P. FOX, SAN MATEO COUNTY, STATE OF CALIFORNIA, | |
| Defendants. | |

In this case, plaintiff, a *pro se* state prisoner, has improperly filed this action as a civil rights action pursuant to 42 U.S.C. § 1983. Specifically, by way of this action, plaintiff challenges the application of a second prior conviction to enhance his sentence. Plaintiff asks for relief in the form of an order to vacate the conviction insofar as it is used as an enhancement. If relief is granted, the validity and length of his sentence would be affected, and therefore the action must be brought as a petition for writ of habeas corpus. Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas

petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) (ADA claim); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

Dismissal is appropriate here. While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In addition to the order vacating his conviction, plaintiff seeks money damages from James Fox, district attorney of San Mateo County, and James Wade, deputy district attorney in San Mateo, for their involvement in using the second conviction as a prior to enhance his sentence. If plaintiff in some future action seeks such damages from these defendants, he must be aware that a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Prosecutors are entitled only to qualified immunity, however, when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Al-Kidd v. Ashcroft*, 580 F.3d 949, 958 (9th Cir. 2009).

Accordingly, the action is DISMISSED without prejudice to plaintiff filing the action as a petition for a writ of habeas corpus. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: November 22, 2010

RICHARD SEEBORG
United States District Judge